UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MONICA LYNN WALKOWIAK, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:16-cv-00438 |
| BRIDGEPOINT EDUCATION, INC. d/b/a ASHFORD UNIVERSITY, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes MONICA LYNN WALKOWIAK ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of BRIDGEPOINT EDUCATION, INC. d/b/a ASHFORD UNIVERSITY, LLC ("Defendant"), as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 26 year old natural person residing at 6734 E. 10th Avenue, Lake Station, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a publicly held, for-profit education services company based in San Diego, California. Defendant owns Ashford University ("Ashford"), which is a for-profit university that offers associate's, bachelor's and master's degrees in more than 50 programs. While a majority of students are enrolled in online courses, Ashford's physical campus is located in Clinton, Iowa. Defendant recruits and services students throughout the country, including in Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff is a stay-at-home mother of three and an aspiring writer. In approximately August 2016, she started to explore the possibility of furthering her education by obtaining a degree in creative writing. *See* Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. In exploration of continuing her education, Plaintiff researched Ashford University ("Ashford"). *See* Exhibit A.

11. Ashford is owned and operated by Defendant.

12. During her research of Ashford, Plaintiff believes she filed out an online form granting Defendant permission to contact her.  *Id.*

13. After investigating the necessity of a creative writing degree further, Plaintiff determined that she no longer needed the services of Ashford.  *Id.*

14. In early September 2016, Defendant called Plaintiff's cellular phone, (219) XXX-4622, for the purpose of soliciting her to attending classes through Ashford.  *Id.*

15. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 4622.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

16. During the call, Plaintiff experienced a several second pause before a male representative started speaking.  *Id.*

17. Plaintiff advised Defendant that she was no longer interested in furthering her education through Ashford and demanded that it cease calling.  Defendant responded by representing it would remove Plaintiff from its system.  *Id.*

18. Following her conversation with Defendant, it has continued to regularly call Plaintiff's cellular phone.  *Id.*

19. The phone number that Defendant utilizes to call Plaintiff from is (800) 798-0584.  *Id.*

20. Upon information and belief, the phone number ending in 0584 is regularly utilized by Defendant in its solicitation of consumers in Indiana.

21. Throughout September 2016 and into October 2016, Defendant has called Plaintiff on nearly a daily basis.  *Id.*

22. On multiple occasions, Defendant has called Plaintiff at least twice during the same day with calls originating less than 20 minutes apart. *Id.*

23. On multiple occasions, Defendant has left Plaintiffs voicemails with what sounds to be a prerecorded message. *Id.*

24. Plaintiff has received not less than 20 calls from Defendant. *Id.*

25. Seeing no alternative to ending Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

26. Frustrated with Defendant's conduct, Plaintiff incurred costs putting an application on her cellular phone to block its phone number. *Id.*

27. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

33. Defendant used an ATDS in connection with its solicitation communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Defendant used an ATDS to leave Plaintiff prerecorded voicemails during unanswered calls. The frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

34. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Even though Plaintiff may have originally filled out an online form granting Defendant permission to call her using an ATDS, she effectively revoked her consent. Plaintiff specifically advised Defendant that she was no longer interested in furthering her education through Ashford and demanded that it cease calling her.

35. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

36. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MONICA LYNN WALKOWIAK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE
## INDIANA DECEPTIVE CONSUMER SALES ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation of Plaintiff.

39. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

40. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

41. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

42. Defendant's solicitation calls towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

43. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified that Plaintiff had no interest in its services. However, Defendant ignored these prompts in an abusive attempt to have Plaintiff attend classes through Ashford.

44. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

45. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

46. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

47. Plaintiff made a good-faith attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

48. Defendant's actions are against public policy and routinely subject consumers in Indiana to unwanted harassment.

49. As pled in paragraphs 25 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MONICA LYNN WALKOWIAK, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

  d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 7, 2016      Respectfully submitted,

              s/ Nathan C. Volheim
              Nathan C. Volheim, Esq. #6302103
              Counsel for Plaintiff
              Admitted in the Northern District of Indiana
              Sulaiman Law Group, Ltd.
              900 Jorie Boulevard, Suite 150
              Oak Brook, Illinois 60523
              (630) 575-8181 x113 (phone)
              (630) 575-8188 (fax)
              nvolheim@sulaimanlaw.com