# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

MONICA LYNN WALKOWIAK,      )
                                   )
Plaintiff,                )
                                   )   NO. 2:16-CV-438
      vs.                  )
                                   )
BRIDGEPOINT EDUCATION, INC.     )
d/b/a ASHFORD UNIVERSITY, LLC.,  )
*et al.*,                     )
                                   )
Defendants.               )

## OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss Count Two of Plaintiff's Complaint, filed on December 9, 2016 (DE #17). For the reasons set forth below, the motion is **GRANTED.** Count Two of the Complaint is **DISMISSED WITHOUT PREJUDICE.**


## BACKGROUND

Monica Lynn Walkowiak ("Walkowiak") brought suit against Bridgepoint Education, Inc., d/b/a/ Ashford University, LLC. ("Bridgepoint"). She alleges that she received calls from Bridgepoint, that she requested that Bridgepoint cease calling her, and that Bridgepoint has continued to call her despite her request. She asserts violations of the Telephone Consumer Protection Act ("TCPA") and the Indiana Deceptive Consumer Sales Act ("IDCSA").

Bridgepoint filed the instant motion to dismiss arguing that Count Two of the complaint, alleging a violation of IDCSA, fails to state a claim upon which relief can be granted. The motion is fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Furthermore, when fraud is alleged Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[A] plaintiff ordinarily must describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011) (citation omitted).

Indiana Deceptive Consumer Sales Act

The IDCSA is a remedial statute designed to "provide[] remedies to consumers . . . for practices that the General Assembly deemed deceptive in consumer transactions." *Banks v. Jamison*, 12 N.E.3d 968, 974, n. 6 (Ind. Ct. App. 2014) (citing *McKinney v. State*, 693 N.E.2d 65, 67 (Ind. 1998)). The IDCSA is to be liberally construed to protect the consumer. *See Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 332 (Ind. 2013). If a supplier[1] engages in "deceptive acts," a consumer may file suit pursuant to the IDCSA. *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 646 (Ind. Ct. App. 2004). A deceptive act is actionable if it is

---

[1] Supplier is defined as "[a] seller, lessor, assignor, or other person who regularly engages in or solicits consumer transactions." Ind. Code § 24-5-0.5-2(a)(3)(A) (2007) (emphasis added).

either "uncured" or "incurable." *Perry*, 814 N.E.2d at 647. In general, an action may not be brought pursuant to the IDCSA based on an uncured act unless notice is provided in accordance with the IDCSA. Ind. Code § 24-5-0.5-5(a); *McCormick Piano & Organ Co., Inc. v. Geiger*, 412 N.E.2d 842, 849 (Ind. Ct. App. 1980).

In response to the instant motion, Walkowiak clarified that her claim is based upon an allegedly incurable deceptive act. An incurable deceptive act is one that is "done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." Ind. Code § 24-5-0.5-2(a)(8). "Intent to defraud or mislead is thus clearly an element of an incurable deceptive act." *Perry*, 814 N.E.2d at 647 (citing *McKinney v. State*, 693 N.E.2d 65, 68 (Ind. 1998)). As a result, a plaintiff pleading an IDCSA claim must meet the heightened standards of Federal Rule of Civil Procedure 9(b). *See Lyons v. Leatt Corp.*, No. 4:15-cv-17-TLS, 2015 WL 7016469, at *4 (N.D. Ind. Nov. 10, 2015)(citing *McKinney v. State*, 693 N.E.2d 65, 67 (Ind. 1998)); *Jasper v. Abbott Labs., Inc.*, 834 F.Supp.2d 766, 773 (N.D. Ill. 2011)("Without actual written notice to Abbott, Jasper may only recover against Abbott for an incurable deceptive act, which requires that she satisfy Rule 9(b)'s heightened pleading standard.").

The complaint at issue here is nearly identical to the complaint before Judge Richard L. Young in *Eha v. Bridgepoint Education, Inc.,* 1:17-CV-96-RLY-TAB (S.D. Ind. May 3, 2017)(order

4

granting partial motion to dismiss). When faced with a similar motion to dismiss, Judge Young found the complaint did not allege that Bridgepoint intended to defraud or mislead the plaintiff and that the complaint did not meet the requirements of Rule 9(b) because it did not allege who the plaintiff spoke with, what was said, or how she relied on the representations made to her. (DE #29-1). The same is true here. Accordingly, the motion to dismiss must be granted.

CONCLUSION

For the aforementioned reasons, the instant motion to dismiss (DE # 17) is **GRANTED**. Count Two of the complaint is **DISMISSED WITHOUT PREJUDICE.**

DATED: June 5, 2017                    /s/ RUDY LOZANO, Judge
                                       **United States District Court**